UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA ELENA VAZQUEZ,

    Plaintiff,

v.                                    Case No. 8:25-cv-01790-KKM-NHA

CARLOS RAMIREZ, et al.,

    Defendants.
_____/

ORDER

Defendants Husam Ghnaim and Edia Ghnaim move to set aside the Clerk's entry of default against them (Doc. 22) and to sanction Plaintiff for failing to inform the Court that they had attempted to defend the lawsuit via a handwritten answer sent to Plaintiff's counsel. Doc. 41. After holding a hearing on the motion, I grant the request to set aside the Clerk's default entries (Docs. 23 and 24) and deny without prejudice the motion for sanctions. Further, given that the Ghnaim Defendants are no longer in default, I deny Plaintiff's Amended Motion for Default Judgment against them (Doc. 35).

**I.   Background**

Plaintiff Maria Elena Vazquez initiated this action on July 11, 2025. Doc. 1. In her amended complaint, filed July 24, 2025, she sues Defendants Carlos Ramirez, Husam A. Ghnaim, and Edia A. Ghnaim under the Trafficking

Victims Protection Act, 18 USC § 1591, et seq., as well as for negligence and intentional infliction of emotional distress. Doc. 8.

On August 15, 2025, Plaintiff filed a return of service indicating that Plaintiff served the two Ghnaim Defendants that day. Doc. 15. The summons served on the Defendants advised them that, within 21 days of service, they must serve an answer or responsive motion "on the plaintiff or plaintiff's attorney, whose name and address are: Travis R. Walker, Esquire, The Law Offices of Travis R. Walker, P.A., 1100 SE Federal Highway, Stuart, Florida 34994." Doc. 13. The last sentence of the summons advised, "You also must file your answer or motion with the court." *Id.* Twenty-nine days later, on September 9, 2025, Plaintiff moved for Clerk's entry of default against the Ghnaim Defendants. Doc. 20. In the motion, Plaintiff asserted: "To date, Defendants have failed to file an answer, motion, or otherwise respond to the Complaint within the time allowed by the Federal Rules of Civil Procedure." *Id.* ¶ 2.

The Court granted the motion on September 19, 2025, finding that the Ghnaim Defendants had been properly served, and that they had apparently failed to respond to the complaint or otherwise defended against the case. Doc. 22. Pursuant to the Court's order, the Clerk entered default against the Ghnaim Defendants on September 22. Docs. 23, 24.

On November 28, 2025, Plaintiff moved for final default judgment against the Ghnaim Defendants, seeking an award of $48 million in damages.[1] Doc. 35. While that motion was pending, on December 15, Attorney Patrick Leduc filed a notice of appearance on behalf of the Ghnaim Defendants. Doc. 37. Two days later, the Ghnaim Defendants moved to set aside the Clerk's default. Doc. 41.

In their motion, the Ghnaim Defendants asserted that they did, in fact, respond to the complaint, with a *pro se*, handwritten answer sent via overnight mail to Plaintiff's counsel's office less than twenty-one days after they were served. Doc. 41 ¶¶ 4-5. They attached to their motion a copy of the handwritten response sent to Plaintiff's counsel (Doc. 41-1), and a USPS webpage purporting to show that the response was delivered to Plaintiff's counsel's office on September 5, 2025, and signed for by "D BROWN" (Doc. 41-2). The Ghnaim Defendants explained that, without attorneys, they did not understand that they had to file their answer with the Court, and that they further believed they had to hire an attorney together with co-Defendant

---

[1] Plaintiff initially timely moved for default judgment on October 27 (Doc. 29), which motion the Court denied without prejudice for its insufficient memorandum of law (Doc. 30). Plaintiff subsequently sought and received and extension of time to file an amended motion for default judgement (Docs. 32, 33), after which Plaintiff filed the amended, operative motion (Doc. 35).

Carlos Ramirez, who had not been served when they sent their answer. *Id.*, p. 10.

Plaintiff responded in opposition to the motion on December 31. Doc. 45. In her response, Plaintiff appeared to deny that Defendants sent the handwritten response to her attorney's office, referring to Plaintiff's evidence of the delivery as "vague" and "not representative of the formal proof of deliverer available from the United States Postal Service." Doc. 45 ¶¶ 5-6. Plaintiff's counsel also attached an affidavit from an employee of his firm stating that the office had no record of ever receiving the answer. Doc. 45-1, ¶¶ 5-6. However, the affidavit also confirmed that an employee with the name and initials of "D. Brown" was employed by the firm as a front desk administrative assistant at the time that the USPS receipt shows that a D. Brown signed for the delivery of the answer. *Id.* ¶ 4.

On January 12, 2026, I held a hearing on Defendants' motion to set aside the Clerk's default against them. There, Plaintiff maintained that Plaintiff's counsel did not receive the handwritten answer the Defendants sent her counsel.[2] Plaintiff further argued that, even if the Ghnaim Defendants did

---

[2] Defendants have presented evidence that the answer was delivered to and accepted by the receptionist at Plaintiff's counsel's office. Plaintiff's insistence at the January 12 hearing that he had "no evidence" that the answer was delivered to his office thus compounds, rather than assuages, the Court's concerns about what has happened here. The Court reminds the parties that

4

mail their handwritten answer to her lawyer, there was no good cause to set aside their defaults because the mailed response did not qualify as an answer, and even pro se parties are not excused from the procedural requirements of federal litigation.[3]

## II. Law and Analysis

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of Clerk's default "for good cause." FED. R. CIV. P. 55(c). In determining whether good cause is shown, courts generally evaluate (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These factors are not exclusive. *Id.* Nonetheless, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* at 951–52 (citation omitted). The standard of good cause to set aside a

---

(1) counsel are responsible for supervising their staff and are generally considered to have received mail delivered to and signed for by counsel's office, and (2) counsel have a duty pursuant to Local Rule 2.01(e) and Florida Bar Rule of Professional Conduct 4-3.3 to convey material facts to the Court.

[3] This assertion was somewhat at odds with Plaintiff's counsel statement at the hearing that he "never would have filed" the motion for clerk's default had he received the handwritten response.

5

Clerk's entry of default is distinct from the "more rigorous" standard of "excusable neglect" applied to motions to set aside final default judgments. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Here, good cause exists to set aside the default entered against the Ghnaim Defendants. First, their default was not "culpable or willful." They attempted to timely respond to the complaint. Defendants' admitted procedural failures appears to be good faith misunderstandings of the required legal process, rather than willful conduct deserving of the harsh remedy of default. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits -- not based on a single missed deadline – whenever reasonably possible."). Because Defendants timely demonstrated their intent to defend the case, their default was not willful.

Second, Plaintiff would not be prejudiced by setting aside the default. As the Ghnaim Defendants note, the only other Defendant, Mr. Ramirez, was served just days before the Ghnaim Defendants appeared. Thus, the case had not advanced. Indeed, the case management report establishing the initial deadlines in this case is not due until February 9. Doc. 44.

Finally, setting aside the Clerk's default is appropriate because the Ghnaim Defendants intend to assert meritorious defenses. In this context, a meritorious defense means only a "good defense at law," and "whether a

6

defense is meritorious does not depend on its likelihood of success." *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014). Defendants attach to their motion a proposed (attorney-drafted) answer, which includes several facially valid affirmative defenses. *See* Doc. 41-3.

Upon review of the record, Defendants' motion is due to be granted, to the extent it asks the Court to set aside the Clerk's default against them. For the reasons stated on the record, however, the Court declines Defendants' invitation to sanction Plaintiff's counsel.

### III. Conclusion

It is hereby ORDERED:

1. The Ghnaim Defendants' Motion to Set Aside the Clerk's Default (Doc. 41) is granted to the extent that the Clerk is directed to vacate the defaults at Docket Numbers 23 and 24;

2. The Ghnaim Defendants' motion for sanctions is denied without prejudice;

3. The Ghnaim Defendants must file their answer or other responsive pleading on or before January 30, 2026; and

4. Plaintiff's Amended Motion for Default Judgment against the Ghnaim Defendants (Doc. 35) is denied without prejudice.

**ORDERED** on January 12, 2026.

*/s/ Natalie Hirt Adams*
NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE