**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA ELENA VAZQUEZ,

Plaintiff,

v. Case No. 8:25-cv-1790-KKM-NHA

CARLOS RAMIREZ,
HUSAM A GHNAIM,
*and* EDIA A GHNAIM,

Defendants.

---

# ORDER

Maria Elena Vazquez sues Husam and Edia Ghnaim under the Trafficking Victims Protection Reauthorization Act (TVPRA) and Florida common law for claims arising from sex trafficking that allegedly occurred on property that they owned. *See* Am. Compl. (Doc. 8). The Ghnaims move to dismiss Vazquez's claims for lack of standing and for failure to state a claim. *See* MTD (Doc. 53). Because Vazquez fails to "plead[] factual content that allows" me "to draw the reasonable inference that [the Ghnaims are] liable for the misconduct alleged," I grant the motion to dismiss in part and dismiss her claims against the Ghnaims without prejudice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. BACKGROUND

In 2022, Carlos Ramirez recruited Vazquez to work as a masseuse at Royal Relaxation, Inc., a registered "aromatherapy" establishment that "presented to the public as a legitimate . . . business," and of which Ramirez was the director and sole shareholder. Am. Compl. ¶¶ 3, 13–14, 17, 68. Unknown to Vazquez, Royal Relaxation "covertly" functioned as "a brothel," and Ramirez proceeded to "coerce[] [Vazquez] into engaging in sexual acts for commercial purposes against her will" over the next year. *Id.* ¶¶ 3, 17.

Royal Relaxation, which has since dissolved, was on part of a property located at 1248 Whitfield Avenue, Sarasota, Florida 34207. *Id.* ¶ 13. Husam A. Ghnaim and Edia Ghnaim owned the property and leased the space to Ramirez. *Id.* ¶ 16.

Vazquez alleges that the Ghnaims "received rent payments from [Royal Relaxation]" during the period she was trafficked. *Id.* ¶ 27. She also maintains that the Ghnaims permitted Royal Relaxation "to design, construct, and or modify the leased section of the premises in [such] a manner that they had active or constructive knowledge" that the business was illicit, but does not identify the modifications or what should have provided the Ghanims notice. *See id.* ¶ 28. In a similar vein, Vazquez alleges that the Ghnaims allowed Royal Relaxation "to continue with questionable commercial sex work within part of their premises despite numerous complaints by neighbors" and the

"community," but does not identify a specific complaint or the general nature of the complaints. *Id.* Further, Vazquez alleges that the Ghnaims, "as owners, managers, or operators, hold and monitor overall activities and management of the subject property," but does not explain how either qualifies as a "manager" or "operator." *Id.* ¶ 30.

In March 2023, an officer at the Manatee County Sheriff's Department filed an incident report about Royal Relaxation, noting that it "is believed to be an illegally operating after-hours massage parlor." Incident Sheet (Doc. 8-3) at 3; Am. Compl. ¶ 18. The report observed that "[t]he business is open all night long with persons going in for short durations and then exiting." Incident Sheet at 3. The facility consisted of "a primary front desk with a back area" made up of "several small rooms," which had "couches and beds in them and nothing else." *Id.* Vazquez does not allege that the Ghnaims knew of the officer's visit or report. *See* Am. Compl. ¶¶ 18–19.

About six months later, in September 2023, the Sheriff's Department and Manatee County Code Enforcement searched the premises and concluded that Royal Relaxation "was being used as an illegal sex[-]oriented business." *Id.* ¶ 19. The amended complaint does not specify whether the county took further action. *See generally id.* In any event, the lease ended in October 2023 and "Royal Relaxation filed for Administrative Dissolution" about a year later. *Id.* ¶¶ 21, 23.

In July 2025, Vazquez brought this suit against Ramirez and the Ghnaims. *See* Compl. (Doc. 1). She brings three counts against the Ghnaims: beneficiary liability under the TVPRA (Count III), premises liability (negligence) under Florida common law (Count IV), and intentional infliction of emotional distress under Florida common law (Count V). *See* Am. Compl. ¶¶ 64–87. The Ghnaims move to dismiss, *see* MTD, and Vazquez responds in opposition, *see* Resp. (Doc. 56).[1]

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] Ramirez answered the amended complaint. *See* (Doc. 43).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Evaluating plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Likewise, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "[A] court considering a motion to dismiss can choose to begin by identifying" when a pleading is merely a "legal conclusion couched as a factual allegation" and thus "not entitled to the assumption of truth." *Id.* at 678–79.

## III. ANALYSIS

The Ghnaims move to dismiss all counts against them under Federal Rule of Civil Procedure 12(b)(6) and the negligence claim under Rule 12(b)(1). *See* MTD at 6. The Rule 12(b)(1) challenge fails because the Ghanims do not explain why Vazquez lacks standing. Instead, they conflate standing with the merits, and thus I consider their arguments under Rule 12(b)(6). *See id.* at 8–

17; Resp. at 14–15. On that score, the Ghnaims are correct that Vazquez fails to state a claim for relief.

**A. TVPRA**

"The Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1591, prohibits the sex trafficking of children or adults by force, fraud, or coercion. In addition to that criminal prohibition, the Act provides sex-trafficking victims with a civil cause of action against 'the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter).' " *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021) (quoting 18 U.S.C. § 1595(a)).

To state a beneficiary claim, "a plaintiff must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Id.* at 726.

As to the first two elements, a plaintiff "must allege that the defendant knew it was receiving some value from participating in the alleged venture." *Id.* at 724. To show participation in the venture, a plaintiff must allege "something more" than knowledge of the trafficking activity. *A.G. v.*

*Northbrook Indus., Inc.*, 171 F.4th 1257, 1269 (11th Cir. 2026). For example, "[m]erely renting a hotel room to a trafficker with actual or constructive knowledge of his trafficking" is insufficient. *Id.* A plaintiff may show participation in the form of "personalized support to a sex trafficker." *Id.* (citation modified). As for the fourth element, a defendant "may be liable under the TVPRA if they have either actual or constructive knowledge that the venture in which they participated and from which they benefited violated the TVPRA as to the [plaintiff]." *Red Roof Inns*, 21 F. 4th at 725.

The Ghnaims argue that Vazquez's allegations are too vague and conclusory to support a cause of action. *See* MTD at 18–22. I agree that it "fails to establish sufficient facts to show that the [Ghnaims] participated in a sex trafficking 'venture'" or had actual or constructive knowledge that the business was violating the TVPRA during their lease. *Doe v. Salesforce*, No. 8:24-CV-1678-SDM-NHA, 2025 WL 3679746, at *2 (M.D. Fla. Feb. 28, 2025). Allegations that the Ghnaims permitted Ramirez to make unspecified modifications to the facility and ignored unspecified complaints are too vague to allow the Court to infer liability or render the first, second, or fourth elements of the TVPRA plausible. *See, e.g.*, Am. Compl. ¶¶ 28, 30, 77. I dismiss Count III without prejudice.

**B. Premises Liability**

"A premises-liability claim is a kind of negligence action. 'The elements for negligence are duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant's possession or control of the premises and notice of the dangerous condition.' " *S.W. v. Tropical Paradise Resorts, LLC*, No. 25-CV-60771, 2026 WL 806786, at *14 (S.D. Fla. Mar. 24, 2026) (quoting *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001)).

The Ghnaims maintain that Vazquez fails to plausibly allege that they had notice or the "possession or control of the premises" necessary to trigger liability because they surrendered both when they leased the space to Royal Relaxation. MTD at 8–17, 19–21. Vazquez does not challenge this assertion, but instead recasts Count IV as based on the creation of "a foreseeable zone of risk that poses a general threat of harm to others." Resp. at 7–8, 11. Vazquez relies on the same conclusory allegations above to support this "risk" theory of negligence. *Id.* at 8. But for the same reasons, I agree that the allegations are too vague to make notice, control, possession, or foreseeability by the Ghnaims plausible. I dismiss Count IV without prejudice.

**C. Intentional Infliction of Emotional Distress**

"The elements of a claim for intentional infliction of emotional distress are '(1) the defendant's conduct was intentional or reckless; (2) the conduct was

outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.' " *Salesforce*, 2025 WL 3679738, at *2 (quoting *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1367–68 (11th Cir. 2024)).

Vazquez alleges that the defendants "knew or should have known that" ignoring "blatant signs of human trafficking," "fail[ing] to enforce the terms of the lease," ignoring complaints, and "allowing lessees to deceive the public about the nature of the business," among other acts, "would result in extreme emotional and psychological harm to vulnerable victims, including [Vazquez]." Am. Compl. ¶ 84. Even assuming these actions could trigger liability, for the reasons explained above, the allegations remain too conclusory to state a plausible claim for relief. I dismiss Count V without prejudice.

## IV. CONCLUSION

Accordingly, the following is **ORDERED**:

1. The Ghnaims' Motion to Dismiss (Doc. 53) is **GRANTED IN PART**. Counts III–V are **DISMISSED WITHOUT PREJUDICE**.

2. No later than **August, 7, 2026**, Vazquez may file a second amended complaint. All defendants must respond to the complaint within fourteen days after it is filed.

**ORDERED** in Tampa, Florida, July 24, 2026.

Kathryn Kimball Mizelle
United States District Judge